In re SEARS, ROEBUCK & CO. TOOLS MARKETING AND SALES PRAC-TICES LITIGATION

No. MDL 1703.

Judicial Panel on Multidistrict Litigation.

Aug. 12, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the three actions in the Northern District of

* Judge Motz took no part in the decision of this matter.

Illinois and one action each in the Central District of California, the Southern District of Florida, and the Eastern District of Missouri as listed on the attached Schedule A. Before the Panel is a motion for coordinated or consolidated pretrial proceedings of these actions in the Northern District of Illinois, pursuant to 28 U.S.C. § 1407, brought by the sole defendant in all actions, Sears, Roebuck & Co. (Sears). All responding plaintiffs[1] support or do not oppose Sears's motion.

■ On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions concern whether Sears misrepresented its Craftsman line of tools as made in the United States. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to the issue of class certification), and conserve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the Northern District of Illinois is an appropriate transferee forum for this docket. Defendant's motion is unopposed by all responding parties, and relevant discovery will likely be found within this district, because Sears's corporate headquarters and many of its documents and witnesses are located there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable John F. Grady for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

## SCHEDULE A

*MDL–1703—In re Sears, Roebuck & Co. Tools Marketing and Sales Practices Litigation*

*Central District of California*

> Guillermo Garcia Santamarina v. Sears, Roebuck & Co., C.A. No. 2:05–3039

*Southern District of Florida*

> Jeffrey Greenfield v. Sears, Roebuck & Co., C.A. No. 1:05–21297

*Northern District of Illinois*

> Larry Steven Anderson, Jr., et al. v. Sears, Roebuck & Co., C.A. No. 1:05–2623
>
> Tammy Cyr v. Sears, Roebuck & Co., C.A. No. 1:05–2627
>
> Charles Chatham v. Sears, Roebuck & Co., C.A. No. 1:05–2852

*Eastern District of Missouri*

> Tracy Hutson v. Sears, Roebuck & Co., C.A. No. 4:05–760

---

1. Plaintiffs in the Central District of California action conditionally opposed Sears's motion, arguing that their action should be remanded to state court because the federal court is without jurisdiction over the matter, which would have mooted Sears's motion with respect to their action. Judge Manuel L. Real, however, denied their motion to remand. As a result, the Central District of California plaintiffs no longer oppose transfer to the Northern District of Illinois.